IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NASTARIA ALLEN, | : | |
| | : | Civil Action File No. |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| UNIVERSITY HOUSE | : | |
| COMMUNITY GROUP, INC. | : | |
| and UNIVERSITY HOUSE 930 | : | |
| SPRING STREET, LLC, | : | |
| | : | |
| Defendants. | : | |

---

## COMPLAINT

---

Plaintiff Nastaria Allen ("Allen") brings this Complaint against Defendants University House Community Group, Inc. ("University House Community") and University House 930 Spring Street, LLC ("University House 930") (collectively "Defendants") and shows the Court as follows:

## 1.  INTRODUCTION

1.

This is an FLSA case. Defendants are Allen's former employers.  They failed to pay Allen at one-and-one half times her regular rate for all work performed over forty hours during each work week of her employment.

**2.    JURISDICTION AND VENUE**

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because University House Community is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**3.    THE PARTIES**

4.

Allen resides in Gwinnett County, Georgia.

*(a)    University House Community*

5.

University House Community is a corporation organized under the laws of the State of Delaware.

6.

At all times relevant, University House Community has been registered to do business in the State of Georgia.

7.

University House Community is subject to the personal jurisdiction of this Court.

8.

University House Community may be served with process at its office located at 930 Spring Street, Atlanta, Georgia 30309.

9.

University House Community employed Allen as a leasing agent from December 29, 2014 through June 2015.

10.

University House Community as an Assistant Community Manager in and around Atlanta, Georgia from July 2015 through April 20, 2016.

11.

At all times material hereto, University House Community was an "employer" of Allen as defined in FLSA § 3(d), 29 U.S.C. §203(d).

12.

During the relevant time period (*i.e. December 29, 2014 through April 20, 2016*), Allen was an "employee" of University House Community as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

*(b)    University House 930*

13.

University House 930 is a limited liability company organized under the laws of the State of Delaware.

14.

At all times relevant, University House 930 has been registered to do business in the State of Georgia.

15.

University House 930 is subject to the personal jurisdiction of this Court.

16.

University House 930 may be served with process through its registered agent CT Corporation System located at 1201 Peachtree Street, N.E., Atlanta, GA 30361.

17.

University House 930 employed Allen as a leasing agent in and around Atlanta, Georgia from December 29, 2014 through June 2015.

18.

University House 930 employed Allen an Assistant Community Manager in and around Atlanta, Georgia from July 2015 through April 20, 2016.

19.

At all times material hereto, University House 930 was an "employer" of Allen as defined in FLSA § 3(d), 29 U.S.C. §203(d).

20.

During the relevant time period, Allen was an "employee" of University House 930 as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

**4.   INDIVIDUAL COVERAGE:**

21.

During the relevant time period, Allen was "engaged in commerce" as an employee of University House Community as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

22.

During the relevant time period, Allen was "engaged in commerce" as an employee of University House 930 as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

**5.   ENTERPRISE COVERAGE:**

23.

During the relevant time period, two or more employees of University House Community, including Allen, used or handled the following items that moved in interstate commerce that are necessary for performing its commercial purpose: computers, paper, office furniture, residential furniture, and office supplies.

24.

At all times during the Relevant Time Period, University House Community was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

25.

During 2014, University House Community had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

26.

During 2015, University House Community had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

27.

During 2016, University House Community had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

28.

During 2014, University House Community had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

29.

During 2015, University House Community had two or more "employees handling, selling or otherwise working on goods or materials that have been moved

in or produced for commerce by any person." as defined in 29 U.S.C. §
203(s)(1)(A).

30.

During 2016, University House Community had two or more "employees
handling, selling or otherwise working on goods or materials that have been moved
in or produced for commerce by any person." as defined in 29 U.S.C. §
203(s)(1)(A).

31.

During 2014, University House Community had an annual gross volume of
sales made or business done of not less than $500,000 (exclusive of excise taxes at
the retail level that are separately stated) within the meaning of  29 U.S.C. §
203(s)(1)(A).

32.

During 2015, University House Community had an annual gross volume of
sales made or business done of not less than $500,000 (exclusive of excise taxes at
the retail level that are separately stated) within the meaning of  29 U.S.C. §
203(s)(1)(A).

33.

During 2016, University House Community had an annual gross volume of
sales made or business done of not less than $500,000 (exclusive of excise taxes at

the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

34.

At all times during the Relevant Time Period, University House Community has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

35.

During the relevant time period, two or more employees of University House 930, including Allen, used or handled the following items that moved in interstate commerce that are necessary for performing its commercial purpose: computers, paper, office furniture, residential supplies, and office supplies.

36.

At all times during the Relevant Time Period, University House 930 was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

37.

During 2014, University House 930 had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

38.

During 2015, University House 930 had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

39.

During 2016, University House 930 had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

40.

During 2014, University House 930 had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

41.

During 2015, University House 930 had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

42.

During 2016, University House 930 had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

43.

During 2014, University House 930 had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

44.

During 2015, University House 930 had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

45.

During 2016, University House 930 had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

46.

At all times during the Relevant Time Period, University House 930 has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

**6.**    **WHITE COLLAR EXEMPTIONS**

47.

At all times during the Relevant Time Period, Allen was not exempt from the maximum hour requirements of the FLSA by reason of any legal exemption.

48.

At all times during the Relevant Time Period, Defendants did not employ Allen in a bona fide professional capacity within the meaning of 29 USC § 213 (a)(1).

49.

At all times during the Relevant Time Period, Defendants did not employ Allen in a bona fide administrative capacity within the meaning of 29 USC § 213 (a)(1).

50.

At all times during the Relevant Time Period, Allen's primary duties included data entry; marketing; processing rent payments; conducting walk-throughs with potential residents; communicating with residents; roommate matching and placement; preparation of leasing documents; and working with security team and vendors and invoice preparation.

51.

At all times during the Relevant Time Period, Allen did not exercise independent judgment and discretion in making significant business decisions on behalf of Defendants.

52.

At all times during the Relevant Time Period, Defendants did not employ Allen in a bona fide executive capacity within the meaning of 29 USC § 213 (a)(1).

53.

At all times during the Relevant Time Period, Allen did not supervise two or more employees.

54.

At all times during the Relevant Time Period, Defendants did not employ Allen in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a)(1).

55.

At all times during the Relevant Time Period, Allen regularly worked more than forty hours in a given workweek.

56.

At all times during the Relevant Time Period, Defendants compensated Allen on an hourly basis.

57.

From December 29, 2014 through June 2015, Defendants compensated Allen at a regular rate of $12.00 per hour.

58.

From July 2015 through January 2016, Defendants compensated Allen at a regular rate of $16.00 per hour.

59.

From February 2016 through April 20, 2016, Defendants compensated Allen at a regular rate of $16.46 per hour.

60.

At all times relevant, Allen regularly worked from home.

61.

At all times relevant, Defendants were aware that Allen regularly worked from home.

62.

At all times relevant, the work Allen performed from home included handling placements, emails, and calls and text messages to and from residents, Defendants, security and vendors.

63.

During the relevant time period, Allen was required to clock-in at the beginning of her regular work shift and clock-out at the end of each work shift.

64.

During the relevant time period, Allen could not clock-in if she was not physically at the office.

65.

During the relevant time period, Defendants failed to compensate Allen for any of the work she performed from home.

## COUNT 1 FAILURE TO PAY OVERTIME

66.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

67.

At all times during the Relevant Time Period, Allen has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

68.

At all times during the Relevant Time Period, Allen regularly worked in Defendants' employ in excess of forty (40) hours each week.

69.

At all times relevant, Defendants failed to pay Allen at one and one half times her regular rate for work in excess of forty (40) hours in any work week.

70.

University House 930 employed Allen as an Assistant Community Manager in and around Atlanta, Georgia from December 29, 2014 through April 20, 2016.

71.

Defendants willfully failed to pay Allen at one and one half times her regular rate for work in excess of forty (40) hours in any week from December 29, 2014 through April 20, 2016.

72.

Allen is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

73.

As a result of the underpayment of overtime compensation as alleged above, Allen is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

74.

As a result of the underpayment of overtime compensation as alleged above, Allen is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff be awarded due but unpaid overtime compensation in an amount to be determined at trial against Defendants, jointly and severally;

2. That Plaintiff be awarded liquidated damages in an amount equivalent to her due but unpaid overtime compensation against Defendants, jointly and severally;

3. That Plaintiff be awarded her costs of litigation, including her reasonable attorneys' fees from Defendants jointly and severally; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
FITZPATRICK & BENJAMIN, LLC

3100 CENTENNIAL TOWER          /s/CHARLES R. BRIDGERS
101 MARIETTA STREET            CHARLES R. BRIDGERS
ATLANTA, GEORGIA 30303         GA. BAR NO. 080791
(404) 979-3171
(404) 979-3170 (f)             /s/ KEVIN D. FITZPATRICK, JR.
kevin.fitzpatrick@dcbflegal.com   KEVIN D. FITZPATRICK, JR.
charlesbridgers@dcbflegal.com     GA. BAR NO. 262375

                               COUNSEL FOR PLAINTIFF